Petition of **GULF COAST MOTOR LINE, Inc., et al.**
No. 9797-CCB.

Florida Public Service Commission.

January 13, 1969.

John M. Allison, Tampa, for the petitioners.

B. Kenneth Gatlin, Chief Rate Counsel, for the commission staff and the public generally.

Chairman WILLIAM T. MAYO, JERRY W. CARTER and EDWIN L. MASON participated in the disposition of this matter.

BY THE COMMISSION.

Pursuant to notice the commission held a public hearing on this matter in St. Petersburg on October 3, 1968. Having fully con-

sidered the entire record, the commission now enters its order in this cause.

The purpose of this hearing was to determine whether Gulf Motor Line, Inc. and Southern Tours, Inc. are entitled to an emergency interim rate increase pending a final hearing and disposition on their petition for a permanent increase. The aforesaid companies will sometimes hereinafter be referred to as "Gulf" and "Southern," respectively.

The rate increases sought in this proceeeding were submitted by a joint or combined petition on behalf of said companies which are jointly owned and controlled by Byron C. Shouppe. Petitioners contend that under their present rate structure they have grave doubts as to their ability to maintain their existing services and operations without an immediate relief by way of an interim rate increase.

Gulf Coast Motor Line, Inc., of Clearwater, as the holder of certificate no. 268 issued by this commission, conducts operations in the common carriage of passengers, their baggage and light express, between the principal cities of St. Petersburg, Clearwater, Port Richey, Brooksville, Clermont and Orlando, serving various intermediate points and cities. Its operations traverse the counties of Hillsborough, Pinellas, Pasco, Hernando, Citrus, Sumter, Lake and Orange. The increases sought by Gulf relate solely to passenger fares and no increase is sought in express charges. The proposed fare increases are reflected in exhibits 1 and 2. Under the proposal, fares on service between some points would be reduced and some would continue without change, whereas fares between other authorized points would be subject to an increase up to sixty-five cents. The records of the commission indicate that the present fare structure has been in effect for the past eight years. While the fare structure has remained unchanged during this period of time Gulf has experienced increased labor and payroll costs and increased equipment costs, all coupled with a decrease in the number of passengers patronizing its bus service. Using a statement of income (exhibit 1) submitted by this company, its operating ratio is computed at 98.22% which is too high by all normal standards.

Southern Tours, Inc., of St. Petersburg, as the holder of certificate no. 60 issued by this commission, operates a sightseeing service and the common carriage of passengers, their baggage and light express in the counties of Hillsborough and Pinellas. Southern has set up various divisions to conduct its operations under certificate no. 60. The principal divisions are known as Aiport Bus Line and Gulf Beach Transit, the two divisions with which we are here concerned. The sphere of service provided by the two divisions

is appropriately described by their titles. Airport Bus Line Division of Southern seeks to increase passenger rates ranging up to one hundred percent with certain fares being slightly reduced and further seeks to increase its express charges from 33.33% to 44.4%. Gulf Beach Transit Division of Southern seeks passenger fare increases which would not exceed fifteen cents per fare. The record in this cause indicates that Southern Tours, Inc. has not had a rate increase in the last twenty years and has experienced the same type of increases in costs of operations as heretofore recited with reference to Gulf Coast Motor Line, Inc. Further, bus service in the Gulf Beaches area in Pinellas County has been complicated by the closing of Johns Pass Bridge to bus traffic. This fact has necessitated a north and south turn-around bus operation at that point, resulting in additional cost to petitioner's operations.

It was testified by the comptroller of the companies here involved that, per mile, each company's operating costs exceeds its existing revenue and petitioners contend with a degree of supporting evidence that they are in immediate need of relief by way of an interim rate increase in order to maintain the existing service and operations in the manner presently provided. The record further discloses that over the years petitioners have experienced a decrease in the number of passengers patronizing bus service. In support of the petition, financial statements were filed by the companies and a five-day traffic study was submitted. Also, the petitioners filed an exhibit (17) showing the division of Gulf Beach Transit operating at a cost of 41.80 cents per mile with revenue per mile being 29.83 cents. However, it failed to submit calculations showing what the cost-revenue per mile ratio would be on the proposed rate.

Although we do not find the exhibits relative to operating costs and revenues and proposed revenues and financial statements adequate to meet the customary requirements of the commission for such documents in rate proceedings, they are sufficient in the instant proceeding to warrant finding that petitioners are in need of an interim increase as sought for a limited period of time pending a subsequent hearing and disposition of the petition for permanent increase. Accordingly, this order is issued in contemplation of a full and complete rate hearing at a later date wherein petitioners will be required to produce certain exhibits after audit has been made by the commission's staff of documents and records within the possession of petitioners.

This order is not determinative of any future issue which may arise in the hearing on the permanent increase and will not be a precedent for the grant in part, grant in the entirety, or denial in the entirety, subject to audited financial and additional evidence in the permanent proceeding.

The evidence being fully considered, the commission finds that there is a need for increases in the level of rates as sought herein by petitioners on an interim emergency basis.

Therefore, in consideration thereof, it is ordered that authority is granted to Gulf Coast Motor Line, Inc. and Southern Tours, Inc. to increase their rates as set forth in the petition filed in this cause on an interim emergency basis for a period of one year from the date of this order.

It is further ordered that the aforesaid one year interim period may serve as a test period for evaluating the financial condition of the companies involved, their revenue requirements, their operating ratio and the effect thereon by the increased rates, and services provided by the companies.

It is further ordered that the petitioners shall file with this commission tariffs or tariff supplements in accordance with this order within fifteen days from the date of this order.

It is further ordered that the proposed rates be and the same are hereby approved on a temporary basis as heretofore recited pending further investigation to determine the permanent rate increase, if any, to which petitioners are entitled.